**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER T. KULA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:26-cv-09879 |
| | ) | |
| CITY OF CHICAGO, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED ORDER FOR THE RELEASE OF PROPERTY**
**IN CHICAGO POLICE DEPARTMENT CUSTODY**

**THIS CAUSE** coming to be heard on the parties' *Agreed Motion for Entry of an Agreed Order for the Release of Property*, the parties having conferred and having reached agreement as to the release of the property described below, the Court being fully advised in the premises, and good cause appearing, **IT IS HEREBY ORDERED, BY AGREEMENT OF THE PARTIES, AS FOLLOWS:**

1. Within seven (7) days of the entry of this Order, the Defendant CITY OF CHICAGO shall release and return to the Plaintiff, CHRISTOPHER T. KULA, or to a person he designates in writing, all property inventoried under Chicago Police Department Inventory Nos. 15851762, 15851778, 15851782, 15851789, and 15964101 (hereinafter referred to as the "Property").

2. This Order is itself sufficient authority for the release of the Property. No release order, clearance, authorization, or signature from any investigating officer, supervisor, unit, or division of the CHICAGO POLICE DEPARTMENT, and no order of the CITY OF CHICAGO Department of Administrative Hearings, shall be required as a condition of release.

3. Any investigative hold, evidence hold, or other administrative hold on the Property is hereby cleared, and no such hold shall be a ground for withholding the Property from the Plaintiff.

4. Within two (2) days of the entry of this Order, counsel for the City shall identify in writing to Plaintiff's counsel each facility at which the Property is held, the name and telephone number of person(s) authorized to effect release, and hours during which the Plaintiff may retrieve it.

5. At the time of release, the Plaintiff and his counsel may inspect, photograph, and inventory the Property. The parties shall jointly prepare a written record of the items released and their condition at release. Neither the retrieval of the Property nor the making of that record shall constitute a waiver of any claim by the Plaintiff, including any claim for damage to or loss of the Property, or of any defense by any Defendant.

6. Pending further order of this Court, the City shall continue to preserve all records concerning the seizures of November 16, 2025, May 30, 2026, and August 16, 2026, including incident and case reports, inventory records, impoundment and tow records, body-worn and in-car camera recordings, and Office of Emergency Management and Communications recordings.

7. This Order is entered by agreement and is not an admission by any party. It shall not be construed as an admission of liability or wrongdoing by any Defendant, nor as a concession by the Plaintiff as to any issue in this action.

8. Except as expressly provided herein, this Order resolves no claim or defense in this action. The Plaintiff's claims for damages arising from the seizures and from the retention of the Property, and all Defendants' defenses to those claims, are expressly preserved and are unaffected by the entry of this Order or by the release of the Property pursuant to it. Nothing in this Order affects any party's right to seek costs or attorneys' fees at the conclusion of this action.

**AGREED TO BY:**

**COUNSEL FOR THE PLAINTIFF:**

/s/ Vlad V. Chirica
Vlad V. Chirica
CHIRICA LAW OFFICE LLC
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601-1226
(312) 868-0453
vlad@chirica.law

**COUNSEL FOR THE DEFENDANTS:**

/s/ Caroline Fronczak
Caroline Fronczak
Deputy Corporation Counsel
Special Federal Litigation
CITY OF CHICAGO DEPARTMENT OF LAW
2 N. LaSalle Suite 420
Chicago, Illinois 60602
(312) 744-5126
Caroline.Fronczak@cityofchicago.org

Dated:

**ENTER: 8/26/2026**

Georgia N. Alexakis

Honorable Georgia N. Alexakis
United States District Court Judge